UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE CO., <br><br>  Plaintiff, <br><br> v. <br><br> ELECTROLUX HOME PRODUCTS, INC., <br><br> Defendant. | Case No.:  3:23-cv-01847-CAB-AHG <br><br> **ORDER GRANTING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE** <br><br> **[ECF No. 12]** |

Before the Court is the parties' joint motion to continue the Early Neutral Evaluation Conference ("ENE"), currently scheduled for February 9, 2024. ECF No. 12.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 4 at 6 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to extend deadlines and the reasons for seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that Defendant has tendered its defense in this matter to the manufacturer, who acknowledged that it manufactured the appliance at issue and tendered the claim to its insurance carrier. ECF No. 12 at 2; ECF No. 12-1 at 2. The insurance carrier has retained counsel to represent the manufacturer, but has not yet been able to assess the merits of Plaintiff's claims. *Id*. Plaintiff, Defendant, and the manufacturer have agreed to conduct a joint forensic examination of the appliance at issue. *Id*. Thus, because the parties believe that settlement discussions will be more meaningful after the forensic examination has been completed, the parties request to continue the ENE. ECF No. 12 at 3. The parties expect the forensic examination will be completed within 60 days and, therefore, request to continue the ENE by approximately 90 days. *Id*.

Despite the joint motion's shortcomings,[1] the Court finds good cause to continue the ENE. As such, the parties' joint motion is **GRANTED IN PART** as follows:

//

---

[1] *Compare* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than <u>seven calendar days before</u> the affected date") (emphasis added) *with* ECF No. 12 (filed three days before the ENE).

1. The ENE scheduled for February 9, 2024, is **CONTINUED**.

2. The counsel-only[2] Case Management Conference ("CMC") **remains on calendar** for **February 9, 2024** at **2:00 p.m.** before the Honorable Allison H. Goddard *via videoconference*.

3. The Court agrees that the ENE would likely be more productive after the forensic examination is completed. However, beyond conjecture that they "reasonably believe" the forensic examination and initial findings would be completed within 60 days, the parties have not provided enough specific information for the Court to select an ENE date. As such, the Court **ORDERS** the parties to meet and confer regarding a firm date for the forensic examination. The parties must jointly email the Court (not filed) (at efile_goddard@casd.uscourts.gov) with the firm date for the forensic examination no later than **February 9, 2024 at 10:00 a.m.** The parties must also include in their email the length of time it will take for the initial findings to be completed, as well as an explanation of what it entails to prepare those findings.

**IT IS SO ORDERED.**

Dated:  February 6, 2024

Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] Clients are always welcome to attend, but are not required.