UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>Defendant. | Case No.: 3:23-cv-01847-CAB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO MODIFY THE SCHEDULING ORDER, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 20]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 20. The parties seek an order from the Court extending all case management deadlines by approximately three months. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification ... If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they need additional time to conduct fact discovery. ECF No. 20. The motion highlights that—as of the June 17, 2024, filing date of the joint motion, 11 days before the fact discovery cutoff of June 28, 2024—Defendant had not yet propounded any written discovery. ECF No. 20-1 at 2. Upon review of the parties' joint motion, "the Court's tentative ruling is to deny the motion because the parties have not shown diligence." ECF No. 21. As such, the Court held a motion hearing on June 27, 2024, and heard oral argument from both sides. ECF No. 22.

During the hearing, the Court reiterated its finding, and expressed its concern, that the parties have not shown diligence in this case. On November 6, 2023, the fact discovery period opened.[1] On May 16, 2024—over 6 months after discovery opened—Plaintiff propounded its first set of written discovery. On June 24, 2024—over 7 months after discovery opened—Defendant propounded its first set of written discovery. Further, the Court highlighted other unnecessary delays in this case that belie a finding of diligence. On May 29, 2024, "the Court advised the parties to submit a joint motion to modify the

---

[1] *See* ECF No. 4 at 3 (requiring that the parties meet and confer pursuant to Rule 26(f) by November 6, 2023, and noting that "the Court will consider discovery to be open after the parties have met and conferred pursuant to Rule 26, and will take this deadline into account when setting the case schedule during the CMC").

scheduling order *as soon as possible*[.]" ECF No. 19 (emphasis added). The instant motion was filed *19 days later* on June 17, 2024. ECF No. 20.

As discussed with counsel during the hearing, the Court does not find good cause to modify the scheduling order in the manner the parties requested. The Court will, however, grant a small extension of certain deadlines, while keeping most of the original scheduling order deadlines in place. As such, the joint motion is **GRANTED IN PART AND DENIED IN PART**. ECF No. 20. The Court issues the following First Amended Scheduling Order:

1. Defendant must provide Plaintiff with substantive discovery responses by **July 9, 2024**.

2. Counsel[2] shall refer to the Judge Bencivengo's Chambers Rules for Civil Cases, which is accessible via the Court's website at www.casd.uscourts.gov. Judge Bencivengo's rules concerning the procedure for seeking permission to file documents under seal are incorporated by reference. *See* ECF No. 15 at 10–11.

3. All fact discovery shall be completed by all parties by **September 16, 2024**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at

---

[2] As used herein, references to "counsel" include any party representing himself or herself.

efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each party's position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

4. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **August 1, 2024**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **August 1, 2024**. On or before **August 21, 2024**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **October 15, 2024**. Any contradictory or rebuttal information shall

be disclosed on or before **November 8, 2024**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

6. A **full-day**, **in-person** Mandatory Settlement Conference is set for **November 25, 2024**[3] at **9:30 a.m.** before the **Honorable Allison H. Goddard** on the fifth floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. The Court requires the personal, *in-person* attendance of all parties, party representatives with full[4] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

//

---

[3] Upon receipt of a joint email (to efile_goddard@casd.uscourts.gov) containing a firm date for private mediation and the name of the mediator, the settlement conference will come off calendar.

[4] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the settlement conference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the conference before agreeing to any settlement does not have full authority.

     A.    Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **November 5, 2024**. Defendant must respond to Plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

     B.    Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **November 12, 2024**.

     C.    Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **November 18, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

     D.    Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **November 18, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

     E.    No later than **November 18, 2024**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants detailed instructions regarding the location of the Court's conference rooms

7. All expert discovery shall be completed by all parties by **December 13, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8. All pre-trial motions, other than *Daubert* motions, motions to amend or join parties, or motions *in limine*, shall be filed on or before **November 18, 2024**. All *Daubert* motions shall be filed on or before **January 13, 2025**. Counsel for the moving party shall set the motion date on the date that is 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Bencivengo's chambers for a hearing date. The parties should review Judge Bencivengo's chambers rules for civil cases for the additional requirements for noticed motions before Judge Bencivengo.

Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

9. In jury trial cases before the Honorable Cathy Ann Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

10. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **February 28, 2025**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence**

11. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **March 7, 2025**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

//

    1.    A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    2.    A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

    5.    A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

    6.    A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

    7.    Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

    13.    Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **March 14, 2025**. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order,

and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14. The proposed pretrial order shall be lodged with the district judge's chambers on or before **March 21, 2025**, and shall be in the form prescribed in Local Rule 16.1.f.6.

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cathy Ann Bencivengo** for **March 28, 2025** at **2:00 p.m.**

16. The trial in this matter shall commence on Monday, **April 28, 2025** at **8:45 a.m.** before the **Honorable Cathy Ann Bencivengo**

17. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  June 28, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge