UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE CO., <br><br>Plaintiff, <br><br>v. <br><br>ELECTROLUX HOME PRODUCTS, INC., <br><br>Defendant. | Case No.: 3:23-cv-01847-CAB-AHG <br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND CERTAIN CASE MANAGEMENT DEADLINES** <br><br>**[ECF No. 38]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 38. The parties seek an order from the Court extending certain case management deadlines by approximately two weeks to one month. *Id.*

Parties seeking to continue deadlines must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons

for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification ... If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties represent to the Court that they had a private mediation scheduled for December 5, 2024, with Richard A. Huver of Judicate West, but needed to continue that mediation due to the manufacturer, Midea, withdrawing its acceptance of the tender of defense on December 2, 2024. *Id*. at 3. With Midea no longer providing defense or indemnification, Defendant's ability to enter into the private mediation with settlement authority was significantly impacted. *Id*. The parties have rescheduled their mediation with Mr. Huver to January 2, 2025. *Id*. at 4. Additionally, the parties represent to the Court that expert Brian Spiegel is experiencing medical issues that require immediate attention, and request that the expert discovery deadline of December 13, 2024, be extended so he can tend to his medical needs, and also so the parties can focus their efforts on settlement instead of litigation. *Id*. at 4.

The Court appreciates the parties thorough joint motion and that the parties have been working together, and finds good cause to **GRANT IN PART**[1] the joint motion. As such, the Court orders as follows:

1. By **January 6, 2025**, the parties must lodge via email (not filed) (to efile_goddard@casd.uscourts.gov) a Joint Status Report regarding the outcome of the private mediation or, if unknown while a mediator's proposal is being considered, a date by which the parties will know the outcome of the private mediation.

---

[1] The parties note that, "[i]f granted, such request will affect other case management dates. Accordingly, the Parties also request to adjust the remaining Scheduling Order as appropriate to coincide with the revised fact discovery deadline." ECF No. 38 at 4. The Court first notes that the parties have not requested an extension of the fact discovery deadline in the instant motion. As such, the fact discovery deadline remains unchanged. *See* ECF No. 29 at 1. The instant request included solely the expert discovery deadline and the joint status report deadline. ECF No. 38. At this time, upon due consideration, the Court will extend certain additional case management deadlines, but not all.

2. All expert discovery shall be completed by all parties by **January 10, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. See ECF No. 23 at 3–4.

3. All *Daubert* motions shall be filed on or before **January 21, 2025**. Counsel for the moving party shall set the motion date on the date that is 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Bencivengo's chambers for a hearing date. The parties should review Judge Bencivengo's chambers rules for civil cases for the additional requirements for noticed motions before Judge Bencivengo.

Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

4. All other dates, deadlines, and procedures set forth in the Court's First Amended Scheduling Order (ECF No. 23) and the Court's Order Following Discovery Conference (ECF No. 29) **remain in place**.

**IT IS SO ORDERED.**

Dated: December 5, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge